LAW OFFICE OF STANLEY R. APPS
Stanley R. Apps (State Bar No. 309425)
4244 Bellingham Avenue
Studio City, CA 91604
(310) 709-3966
stan@appsatlaw.com

*Attorney for Plaintiff Johnnie Corina III, as Parent and Next Friend of Minor Child J.C.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE CORINA III, as Parent and Next Friend of Minor Child J.C., <br><br> Plaintiff, <br><br> vs. <br><br> RIVERSIDE UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No.: <br><br> COMPLAINT FOR HARASSMENT ON THE BASIS OF RACE, IN VIOLATION OF 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 2000d AND CALIFORNIA EDUCATION CODE §§ 220 AND 262.4 <br><br> JURY TRIAL DEMANDED <br><br> <u>INJUNCTIVE RELIEF SOUGHT</u> |

COMPLAINT FOR HARASSMENT ON THE BASIS OF RACE,
IN VIOLATION OF 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 2000d
<u>AND CALIFORNIA EDUCATION CODE §§ 220 AND 262.4</u>

The Plaintiff, JOHNNIE CORINA III (hereinafter "Corina" or "Mr. Corina" or "Plaintiff"), in his role as legal guardian, parent and next friend of his daughter, minor child J.C (hereinafter "J.C." or "Student") hereby sues Defendant RIVERSIDE SCHOOL DISTRICT (hereinafter "District" or "Defendant") for permitting his daughter J.C. to be subjected to discrimination on the basis of race while attending Mountain View Elementary School and other educational programs administrated and controlled by Riverside School District, and further states as follows:

## **PARTIES**

1. Plaintiff Johnnie Corina III is a natural person residing in Riverside County, California. He is the father of minor child, J.C., who, at all times relevant to this Complaint, was a student registered at and attending Riverside Unified School District ("District") and various educational facilities and programs offered by District, including Mountain View Elementary School (hereinafter "Elementary School") and the Dual Language Spanish Immersion Program (hereinafter "Immersion Program"). Both Corina and J.C. identify as African-American, as persons of African descent, and as Black Americans.

2. Defendant Riverside Unified School District is a "local educational agency" with its headquarters at 3380 14th Street, Riverside, CA 92501.

3. Defendant Riverside Unified School District constitutes a program receiving Federal financial assistance, for purposes of 42 U.S.C. § 2000d.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of Plaintiff's federal statutory claims.

5. Pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction of Plaintiff's state law claims brought under sections 220 and 262.4 of the California Education Code, because Plaintiff's state law claims are so related to his federal claim that they form part of the same case or controversy.

6. Venue is proper in this Judicial District because all parties to this matter are located in this Judicial District.

## FACTS

7. At all times relevant to this civil action, J.C. is a minor child enrolled in and attending Riverside Unified School District ("District"). At all times relevant to this civil action, J.C. has been enrolled in and actively attending the Dual Language Spanish Immersion Program ("Immersion Program") operated by the District. J.C. has attended the Immersion Program since Kindergarten.

8. Plaintiff has repeatedly reported to the District incidents of bullying of J.C. on the basis of her race and/or her natural hairstyle and hair characteristics. The bullying has taken place on multiple occasions between October 2018 and August 2023 and includes racist name-calling, sexual harassment and physical violence committed against J.C. by fellow students,

COMPLAINT FOR HARASSMENT ON THE BASIS OF RACE

as well as neglect of J.C.'s physical and emotional health and safety by the District and its employees.

9. The District has failed to take appropriate remedial action to prevent further and ongoing bullying on the same basis, leading to the filing of this Complaint.

10. On or about October 29, 2018, at Mountain View Elementary School (which is operated and administered by District), J.C. was bullied by four other students in her class who called her Afro hairstyle "ugly" and laughed at her appearance based on her natural African-American hairstyle and hair characteristics. J.C. reported the bullying to her father, the Plaintiff, as part of explaining to him why she wanted to change her hairstyle so that she would not be laughed at anymore by peers at school.

11. Mr. Corina reported the bullying to Mountain View Elementary. After he reported the bullying, he was informed by District that the teacher was unaware of what had happened and that, as a form of restorative practice, the students in J.C.'s class had watched the video "Princess Hair" which contains information regarding natural differences in hair and self-acceptance of one's natural hairstyle.

12. Thereafter, on October 31, 2023, Plaintiff met with the Principal of Mountain View Elementary School, together with J.C., to discuss the events. At this meeting, J.C. identified the four students who had bullied her. At the meeting, J.C. was also asked what she had taken away from watching the video "Princess Hair." However, J.C. stated that she had never watched "Princess Hair" and that she could not remember any teacher or student in her class making any prior reference to "Princess Hair."

13. Based on J.C.'s inability to recall "Princess Hair" (or any reference to "Princess Hair"), Plaintiff became concerned that he was receiving inaccurate or false information about the District's alleged restorative practice to address the reported bullying.

14. Plaintiff made a number of follow-up communications to the Principal of Mountain View Elementary, Kathleen Dabrowski ("Dabrowski") and to the District related to the issue of restorative practice and of teaching District students understanding and respect for the

differences of African-American students who constitute a small yet significant percentage of the total student body of the District.

15. Plaintiff repeatedly suggested to the District that Black History Month would be an appropriate time for school programming about the differences between students and the importance of respecting those differences in cultural background and appearance. However, Dabrowski responded to Plaintiff by informing him that there were no plans by Mountain View Elementary to acknowledge or to schedule any programming or teaching related to Black History Month.

16. Based on District and Dabrowski's choice not to acknowledge Black History Month, Plaintiff continued to be skeptical of the District's assertions regarding restorative practices intended to alleviate bullying based on African-American race and/or African-American hairstyle. In Plaintiff's view, the choice not to acknowledge Black History Month was indicative of the District's mere lip service to the idea of restorative practice and lack of action to address racially-motivated bullying.

17. In February 2019, Plaintiff spoke with Tim Walker, Assistant Director of Pupil Services and Special Needs for District, for the purpose of determining whether there were actually any restorative practice programs or other programs teaching about cultural diversity being operated by District.

18. In May 2019, Tim Walker replied to Plaintiff, informing that that there had been a restorative practice circle in J.C.'s class at an unspecified time. However, J.C. herself had no memory of any such event taking place. Furthermore, when Plaintiff asked follow-up questions as to what was taught or what took place during the alleged restorative practice circle, Mr. Walker was unable to provide any further information about the alleged restorative practice circle.

19. Plaintiff's view is that the restorative practice circle was the only remedial action the District allegedly took to prevent bullying. However, there is no evidence that the alleged corrective action actually took place. As such, Plaintiff drew a reasonable inference that there was no substantial effort by the District to address the bullying of J.C.

COMPLAINT FOR HARASSMENT ON THE BASIS OF RACE

20. On February 7, 2022, J.C. informed Plaintiff that five students in her class had asked her "Why do you wear your hair like that?" and similar questions, making J.C. uncomfortable. Both Plaintiff and J.C. became concerned that J.C. was again being targeted for her natural African-American hairstyle and hair characteristics.

21. On the very next day, J.C.'s finger was fractured while playing at school. However, when J.C. went to the Nurse's office at school, she was sent back to class without treatment. Furthermore, the Nurse or other staff on duty at the Nurse's Office did not allow J.C. to contact her mother or father, even though J.C. requested it due to pain. Furthermore, no injury report was filed regarding the fractured finger, and the Nurse or other staff on duty at the Nurse's Office called J.C.'s family and told them J.C. was fine and that there was no need to pick her up early or speak to her. As such, J.C.'s family were shocked when they picked up J.C. and noticed her finger was pointed away from her hand at an unnatural angle. J.C. was also in tears from pain and unable to move her injured finger or to close her hand.

22. The failure to provide appropriate medical attention to J.C. appears to represent disparate treatment of J.C. on the basis of race, as students of other races with serious injuries at the District are generally provided with medical treatment and allowed to communicate with family members, whereas J.C. was merely sent back to class after complaining she was in pain.

23. On the same day, another student at Mountain View Elementary called J.C. and other girls by rude names while they were standing in line. When J.C. asked him to stop, he pushed J.C. and referred to her using a racial slur. However, while J.C. reported the incident to the school, no incident report was created, and the school did not inform either of J.C.'s parents that the incident had occurred.

24. The fact that J.C. suffered both a serious injury and a physical assault on February 8, 2022, but no incident report was created regarding either incident, strongly suggests that African-American students such as J.C. are treated differently by District when they report injuries or incidents, and that the practice of Mountain View Elementary and District is merely to

disregard, minimize and ignore reports of injury or bullying made by African-American students like J.C.

25. Plaintiff continued to advocate for District to engage in genuine restorative practice and to provide students in the Dual Language Spanish Immersion with relevant cultural diversity education such as information about Afro-Latin cultures and Black culture generally. However, District has refused to include such cultural diversity education as an aspect of the Dual Language Spanish Immersion program, with the predictable result that students in the Immersion Program are not taught that some people of African/Black background are also Latin/x and speak Spanish as a first language. As such, the District has failed to make a reasonable effort to promote diversity in the Dual Language Spanish Immersion program, by failing to acknowledge the existence and cultural heritage of Spanish speakers of African descent. The District's refusal to acknowledge the existence of or educate about the heritage of Black Spanish speakers has resulted in a situation where students of African background are more likely to be perceived as outsiders or unwanted participants in the Immersion program. This situation in turn may tend to normalize incidents of bullying against students of African background in the program.

26. J.C. is hardly the only African-American student subjected to bullying/harassment based on race and related characteristics while attending District. During the same period of time that she repeatedly complained of bullying based on her race and associated hair characteristics, a young male African-American student, also attending the Dual Language Spanish Immersion Program, was beaten based on his race and hairstyle by another student in the Dual Language Immersion Program. A video recording of this incident shows the young African-American boy being beaten and kicked based on his race and hairstyle while racial epithets are yelled all around him. Such documentation of the culture of race-based bullying maintained by Defendant District strongly supports J.C.'s case, especially since the African-American boy in question ultimately agreed to change his hair from the natural African-American style that provoked bullying to a more neutral style that did not.

27. In January 2023, J.C. was bullied once again by another student in the Immersion Program (hereinafter referred to by first initial as "V.") The bullying consisted of repeated hair-pulling, apparently based on V.'s belief that J.C.'s hair "looked like a wig." In addition, V. also threw a ball at J.C.'s face, as a continuation of the hair-pulling incidents.

28. While the District asserts that the bullying by V. was promptly investigated by the District and addressed by the classroom teacher, nonetheless only a week later V. asked J.C. "Why do you wear your hair like that?" in reference to J.C.'s hair being styled in cornrows.

29. Once again, Plaintiff felt that he could not rely on the District's assertions that racial bullying and harassment were being addressed by the classroom teacher, based on the repeated evidence that such claims by the District and District staff merely constituted empty and false "virtue signaling" with no basis in the District's actual practices.

30. Further bullying based on race took place on April 4, 2023, when a student (hereinafter known by first initial "F.") made rapid punching movements toward J.C. When she asked F. to stop, he called J.C. by a racial slur (often referred to as the "N-word," colloquially). When J.C. told this student not to call her that, he laughed. J.C. did not report the incident to the District, based on her dislike of reporting incidents (as a result of the past failures of District to address her reporting of incidents appropriately). However, she did report the incident to Plaintiff, who promptly reported it to District.

31. Nonetheless on April 10, 2023, F. bullied J.C. again by poking her in her private area (i.e. genital region) with a pencil.

32. Later the same day, another student (hereinafter known by first initial "N.") demanded that J.C. grab the private parts of another student. After repeated demands by N. including a demand to "Do it or else," J.C. did touch the other student. Plaintiff views her misbehavior on this occasion as a result of the similar incident the same day when she was poked in her private area by F., which created a false idea in her mind that such behavior was accepted or tolerated by the school environment. Unfortunately, when a powerful public institution such as District consistently fails to take reasonable remedial action to address bullying and harassment based on race and cultural background, it can create a culture in which bullying

and harassing conduct is normalized and students believe that actions of this type have no consequences.

33. Plaintiff, concerned about the ongoing harassment based on race at Mountain View Elementary, caused J.C. to be moved to another District campus in hopes that J.C. would not be bullied any longer at the new campus.

34. The District allegedly investigated all incidents described herein and concluded that the District did perform its duty to stop the misconduct and prevent it from recurring, based on the various corrective actions allegedly performed by the District. As such, the District relies on the corrective actions it allegedly took, to show that it is not maintaining a hostile environment based on race. However, the corrective actions actually or allegedly taken by the District have not been sufficient to correct the culture of race-based harassment and bullying maintained by the District.

35. The District has knowingly maintained a hostile environment based on race in multiple schools and programs operated by the District, including Mountain View Elementary School and the Dual Language Spanish Immersion program. Defendant is aware of the hostile environment based on receiving notice from numerous parents and students, and has failed to take adequate corrective measures to address the problem.

36. J.C. has been injured by the harassment, which caused her severe emotional distress including harm to self-esteem. The harassment has also interfered with and impeded J.C.'s academic progress.

**COUNT ONE—Harassment Based on Race in Violation of 42 U.S.C. § 2000d**

37. Plaintiff hereby reincorporates by reference paragraphs 1 through 36 hereinabove, as though fully set forth herein.

38. Title VI of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. section 2000d, et seq., prohibits recipients of federal funding, such as Defendant District, from allowing any person to be excluded from participation, denied the benefits of participation, or subjected to discrimination on the basis of race in any program receiving federal financial assistance.

39. Defendant District allowed J.C. to be subjected to discrimination on the basis of her race (in the form of bullying and harassment based on her race and associated characteristics such as her hair) while she attended Mountain View Elementary. Defendant was and is aware of the hostile environment discrimination based on receiving notice from numerous parents and students, and has failed to take adequate corrective measures to address the problem.

40. While District asserted it took various corrective actions and remedial steps, District did not always carry out the remedial actions that were claimed to have occurred. The corrective actions actually carried out by District were insufficient to stop the harassment based on race carried out by other students or to correct the harm done by the harassment based on race.

41. The bullying based on race and associated characteristics included hair-pulling, hitting J.C. in the face with a ball and verbal taunts and racial slurs. This bullying caused J.C. severe emotional injury as well as causing her to want to change her hairstyle and physical characteristics. The bullying and harassment created a hostile environment based on race and had a negative impact on J.C.'s self-esteem at a critical developmental stage of childhood. Defendant District failed to take appropriate actions to correct the hostile environment.

42. Plaintiff seeks injunctive relief requiring Defendant District to institute appropriate remedial and corrective actions to eliminate bullying and harassment based on race in the Dual Language Spanish Immersion Program that J.C. attends, including appropriate actions to increase awareness of Black Spanish speakers (including persons of Afro-Caribbean descent) as a major part and contributor to Spanish language culture. Without such corrective actions, Plaintiff believes that students in the Dual Language Spanish Immersion Program operated by District will continue to view fellow students of Black heritage as outsiders to Spanish culture and language, which is one of the root causes of race-based

harassment and bullying within the Dual Language Spanish Immersion Program operated by District.

WHEREFORE, Plaintiff hereby prays this honorable Court for the following relief:

a) Declaratory relief, in the form of an Order stating that Defendant District has failed to take adequate corrective or remedial action to prevent ongoing harassment and bullying based on race in District's Dual Language Spanish Immersion Program and at Mountain View Elementary;

b) Compensatory damages for the emotional distress suffered by J.C. as a result of the hostile environment based on race, in an amount to be determined by the finder of fact;

c) Injunctive relief, in the form of an Order requiring District to provide compensatory educational services to J.C., for the purpose of correcting or reversing the loss of educational opportunities and loss of educational benefit suffered by J.C. as a result of the hostile environment based on race.

d) Injunctive relief, in the form of an Order requiring District to take corrective action to alleviate the hostile environment based on race in the Dual Language Spanish Immersion Program, such as programming about the existence of Black Spanish speakers and their important role in Spanish language culture and communities such as Afro-Caribbean communities and other appropriate restorative practices to decrease stigma associated with Black and African identities;

e) Injunctive relief, in the form of an Order requiring District to publicize the availability of its Dual Language Spanish Immersion Program to parents and students of Black/African descent and to make public statistical information showing the percentage of program participants who are of Black/African

descent, as well as the change in percentage of Black participants from year to year; and

    f)    Such other and further relief as this honorable Court considers just and proper.

**COUNT TWO—Harassment Based on Race in Violation of
California Education Code §§ 220 AND 262.4**

43. Plaintiff hereby reincorporates by reference paragraphs 1 through 42 hereinabove, as though fully set forth herein.

44. In November of 2019, the California Legislature passed the CROWN Act, also known as the Create a Respectful and Open Workplace for Natural Hair Act (hereinafter "CROWN Act"). This act amended Section 212.1 of the California Education Code to add sub-sections 212.1(a)-(c). These new subsections expand the definition of "race or ethnicity" under the California Education Code to include "traits historically associated with race" such as hair texture and protective hairstyles such as braids, locks, and twists. The new subsections also expand the definition of "race or ethnicity" to include ancestry, ethnic group identification and ethnic background.

45. Section 220 of the California Education Code states that no person shall be subject to discrimination based on "race or ethnicity" in any program or activity conducted by an educational institution that receives state financial assistance or enrolls pupils who receive state financial aid.

46. Defendant District is an educational institution that receives financial assistance from the state of California as well as enrolling pupils who receive state financial aid.

47. Section 262.4 of the California Education Code authorizes enforcement of the requirements of sections 200 through 262.4 of the California Education Code through filing of a civil action.

48. Defendant District allowed J.C. to be subjected to discrimination on the basis of her "race and ethnicity" as defined in the California Education Code. The prohibited discrimination took the form of bullying and harassment based on J.C.'s race and traits historically associated with race such as her J.C.'s hair texture and hairstyle) while she attended Mountain View Elementary. District failed to take reasonable remedial action to stop the bullying and harassment based on race and traits historically associated with race.

49. While Defendant District asserts that it took various corrective actions and remedial steps to address the bullying against J.C., District did not always carry out the remedial actions that were claimed to have occurred. The corrective actions actually carried out by District were insufficient to stop the bullying or to correct the harm done by the harassment based on race.

50. The bullying based on race and historically associated traits included hair-pulling, hitting J.C. in the face with a ball, verbal taunts and racial slurs, and caused J.C. severe emotional injury as well as causing her to want to change her hairstyle and physical characteristics. The bullying and harassment created a hostile environment based on race, which the District failed to take appropriate actions to correct.

51. Plaintiff seeks injunctive relief requiring Defendant District to institute appropriate remedial and corrective actions to eliminate bullying and harassment based on race in the Dual Language Spanish Immersion Program that J.C. attends, including appropriate actions to increase awareness of Black Spanish speakers (including persons of Afro-Caribbean descent) as a major part and contributor to Spanish language culture. Without such corrective actions, Plaintiff believes that if changes are not made, then students in the Dual Language Spanish Immersion Program operated by the District will tend to continue to view fellow students of Black heritage as outsiders to Spanish culture and language, which is a root cause of race-based harassment and bullying within the Dual Language Spanish Immersion Program operated by the District.

WHEREFORE, Plaintiff hereby prays this honorable Court for the following relief:

a) Declaratory relief, in the form of an Order stating that Defendant District has failed to take adequate corrective or remedial action to prevent ongoing harassment and bullying based on race and traits historically associated with race in District's Dual Language Spanish Immersion Program and at Mountain View Elementary;

b) Compensatory damages for the emotional distress suffered by J.C. as a result of the hostile environment based on race, in an amount to be determined by the finder of fact;

c) Injunctive relief, in the form of an Order requiring District to provide compensatory educational services to J.C., for the purpose of correcting or reversing the loss of educational opportunities and loss of educational benefit suffered by J.C. as a result of the hostile environment based on race;

d) Injunctive relief, in the form of an Order requiring District to take corrective action to alleviate the hostile environment based on race in the Dual Language Spanish Immersion Program, such as by providing programming about the existence of Black Spanish speakers and their important role in Spanish language culture and communities such as Afro-Caribbean communities, and other appropriate restorative practices to decrease stigma associated with Black and African identities and traits historically associated with Blackness;

e) Injunctive relief, in the form of an Order requiring District to publicize the availability of its Dual Language Spanish Immersion Program to parents and students of Black/African descent and to make public statistical information showing the percentage of program participants who are of Black/African

descent, as well as the change in percentage of Black participants from year to year; and

f) Such other and further relief as this honorable Court considers just and proper.

**COUNT THREE: Harassment Based on Race in Violation of 42 U.S.C. § 1981**

52. Plaintiff hereby reincorporates by reference paragraphs 1 through 51 hereinabove, as though fully set forth herein.

53. J.C. was subjected to discrimination on the basis of her race (in the form of bullying and harassment based on her race and associated characteristics such as her hair) by other students while she attended Mountain View Elementary. Defendant District knew or should have known of the discriminatory conduct based on receiving notice from numerous parents and students, and failed to take prompt and adequate corrective measures to address the problem.

54. While District asserted it took various corrective actions and remedial steps, District did not always carry out the remedial actions that were claimed to have occurred. The corrective actions actually carried out by District were insufficient to stop the harassment based on race carried out by other students or to correct the harm done by the harassment based on race.

55. The bullying based on race and associated characteristics included hair-pulling, hitting J.C. in the face with a ball, verbal taunts and racial slurs, and caused J.C. severe emotional injury as well as causing her to want to change her hairstyle and physical characteristics.

56. The bullying and other discrimination was not welcomed by J.C. The bullying and harassment were motivated by race and created a hostile environment based on race. Defendant District failed to take appropriate actions to correct the hostile environment.

57. A reasonable person in J.C.'s place (i.e. a reasonable child attending school) would have found that the bullying and other discrimination was severe or pervasive enough to create a hostile and abusive environment and to impede J.C.'s ability to learn.

WHEREFORE, Plaintiff hereby prays this honorable Court for the following relief:

a) Compensatory damages for the emotional distress suffered by J.C. as a result of the hostile environment based on race, in an amount to be determined by the finder of fact;

b) Such other and further relief as this honorable Court considers just and proper.

**COUNT FOUR: Deprivation of Civil Rights in Violation of 42 U.S.C. § 1983**

58. Plaintiff hereby reincorporates by reference paragraphs 1 through 57 hereinabove, as though fully set forth herein.

59. Defendant District acted under color of state law, in its capacity as a local educational agency of the State of California, in regard to all actions and omissions alleged in this Complaint.

60. J.C. was subjected to discrimination on the basis of her race (in the form of bullying and harassment based on her race and associated characteristics such as her hair) by other students while she attended Mountain View Elementary. This discrimination against J.C. deprived her of her federal constitutional right to equal protection under the law.

61. Defendant District knew or should have known of the discriminatory conduct based on receiving notice from numerous parents and students, and failed to take prompt and adequate corrective measures to address the problem and prevent continuing discrimination.

62. While District asserted it took various corrective actions and remedial steps, District did not always carry out the remedial actions that were claimed to have occurred. The corrective actions actually carried out by District were insufficient to stop the harassment based on race carried out by other students or to correct the harm done by the harassment based on race.

63. The bullying based on race and associated characteristics included hair-pulling, hitting J.C. in the face with a ball, verbal taunts and racial slurs, and caused J.C. severe emotional injury as well as causing her to want to change her hairstyle and physical characteristics.

64. The bullying and other discrimination was not welcomed by J.C. The bullying and harassment were motivated by race and created a hostile environment based on race. Defendant District knew of the bullying and hostile environment and did not take effective action to stop the ongoing deprivation of J.C.'s right to equal protection of the law.

65. A reasonable person in J.C.'s place (i.e. a reasonable child attending school) would have found that the bullying and other discrimination was severe or pervasive enough to create a hostile and abusive environment and to impede J.C.'s ability to learn.

WHEREFORE, Plaintiff hereby prays this honorable Court for the following relief:

   a) Compensatory damages for the emotional distress suffered by J.C. as a result of the hostile environment based on race, in an amount to be determined by the finder of fact;

   b) Such other and further relief as this honorable Court considers just and proper.

Respectfully submitted this 3rd day of November, 2023.

Stanley R. Apps, Esq.
Law Office of Stanley R. Apps
4424 Bellingham Avenue
Studio City, CA 91604

*Attorney for Plaintiff*

COMPLAINT FOR HARASSMENT ON THE BASIS OF RACE